UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HOMESTAR BANK, <br> an Illinois Banking Corporation, <br><br> Plaintiff <br><br> v. <br><br> ROBERT C. COLVIN and <br> JAN L. COLVIN, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 06-2047 <br> ) <br> ) <br> ) |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P. 12(b)*, FOR LACK OF PERSONAL JURISDICTION AND VENUE, OR ALTERNATIVE MOTION FOR CHANGE OF VENUE PURSUANT TO *28 U.S.C. § 1404*

Defendants, by and through their undersigned counsel, move this Honorable Court, pursuant to *Fed. R. Civ. P. 12(b)* to dismiss claims against them for lack of personal jurisdiction and venue, or alternatively to change venue pursuant to *28 U.S.C. § 1404*, and as grounds therefor state as follows:

1.  *Fed. R. Civ. P.(8)(a)(1)* requires that Complaints include "a short and plain statement on the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

2.  Plaintiff's Complaint is devoid of any such allegations and should thus be dismissed based upon that ground alone.

3.  The only thing pertaining to jurisdiction which is discernable from Plaintiff's Complaint is that Plaintiff, an Illinois banking corporation, made a real estate loan and two vehicle loans to Defendants, who were clearly Colorado residents and that both the real estate and the vehicles, which formed the security for the loans were located in the State of Colorado. Although

the notes contained an "applicable law" provision, there was no provision in the notes which constitutes an agreement or consent by the defendants to jurisdiction within the State of Illinois. (S*ee*, generally, Plaintiff's Complaint in Exhibits "A," "B," and "C," thereto).

4. The loans referenced in the Complaint were closed in the State of Colorado. Further, the documents pertaining to the loan were delivered to a closing officer for Plaintiff authorized to act for the plaintiff in this state concerning the loan transactions. (*See* Defendant's Affidavit attached hereto as Exhibit "A").

5. At a minimum, therefore, the vehicle loans are covered by the Colorado Consumer Protection Act, which provides *inter alia* as follows:

> *C.R.S., § 5-1-201.* **Territorial application – definitions.**
>
> (1) Except as otherwise provided in this section, this code applies to consumer credit transactions made in this state and to consumer credit transactions, wherever made. For purposes of this code, a consumer credit transaction is made in this state if:
>
> (a) A written agreement evidencing the obligation or offer of the consumer is received by the creditor in this state; [and]
>
> (10) For the purpose of subsection (1) of this section, "receive" means obtained as a result of physical delivery, transmission, or communication to one who has actual or apparent authority to act for the creditor in this state whether or not approval, acceptance, or ratification by any other agent or representative of such creditor in some other state is necessary to give legal consequence to the consumer credit transaction.

6. Further, *C.R.S., § 5-1-201(8)*, provides that any provision in a contract which purports to consent to the law, jurisdiction, or venue of another state is void, as follows:

> (8) … an agreement by a consumer is invalid with respect to consumer credit transactions, or modifications thereof, to which this code when such agreement provides that:
>
> (a) The law of another state shall apply;
>
> (b) The consumer consents to jurisdiction of another state; or

(c)   Venue is fixed.

7.   *C.R.S., § 5-1-203(1)* also clearly provides for jurisdiction of matters covered by the Act to be held by the courts of the State of Colorado as follows:

**Jurisdiction and service of process.**

(1) The court of record of any judicial district in this state may exercise jurisdiction over any creditor with respect to any conduct in this state governed by this code or with respect to any claim arising from a transaction subject to this code.

8.   There is no jurisdictional basis for this claim being brought in the State of Illinois, based upon the Illinois Long Arm Statute at *§ 735 ILCS 5/2-209*.

9.   Clearly, Defendants did not "transact and business" within the State of Illinois, so as to establish jurisdiction under subsection (1) thereof. To the contrary, it was Plaintiff who clearly chose to conduct business in the State of Colorado.

10.  Further, the contract was not "made" or to be "performed" within the State of Colorado nor was the promise "substantially connected with" the State of Illinois, so as to qualify under subsection (7) thereof. To the contrary, the only substantial connection was with the State of Colorado, including the fact that the loan was made and closed in the State of Colorado, it was made to residents of the State of Colorado, and the property securing the loans and for which the loans were made to acquire, is and was in the State of Colorado. Further, the transactions at hand are clearly governed by Colorado law.

11.  Further, the exercise of jurisdiction by courts within the State of Illinois would not stand up to the due process principles and the necessary "minimal contacts" analysis of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1988). See also *John Walker & Sons, Ltd. v. DeMert & Dogherty, Inc.*, 821 F. 2d 399 (7th Cir. 1987).

12. Thus, Plaintiffs claim should be dismissed for lack of personal jurisdiction and the plaintiff will thereafter be free to pursue this action in proper forum, i.e., in the courts of the State of Colorado.

13. At a minimum, this court should transfer venue to the U.S. District Court for the District of Colorado, pursuant to *28 U.S.C. § 1404(a)*. Specifically, the Central District of Illinois is **not** "(1) a judicial district where any defendant resides ..., (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action [was] commenced ...." To the contrary, such judicial district is that of the State of Colorado.

Respectfully submitted this 9th day of May, 2006.

*s/Francis V. Cristiano*
**Francis V. Cristiano**
CRISTIANO LAW, LLC
8101 E. Prentice Ave., Suite 800
Greenwood Village, CO 80111
(303) 407-1777
Attorney for Defendants, Robert and Jan Colvin

4

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 9th day of May 2006, a true and correct copy of the above and foregoing Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P., 12(B), For Lack of Personal Jurisdiction and Venue, or Alternative Motion for Change of Venue Pursuant to 28 U.S.C. § 1404 was served, addressed to the following via:

☐ Certified Mail

☒ First class U.S. mail, postage prepaid

☐ EFile via CourtLink

William F. Smith, Esq.
Homestar Bank
3 Diversatech Drive
Manteno, IL 60950

*s/ Amanda Katz*
**Amanda Katz**, Paralegal
CRISTIANO LAW, LLC
8101 E. Prentice Ave., Suite 800
Greenwood Village, CO 80111
Telephone:(303) 407-1777
Facsimile:(303) 322-9574
Amanda@cristianolaw.com

cc: Bob and Jan Colvin

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HOMESTAR BANK, ) <br> an Illinois Banking Corporation, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ROBERT C. COLVIN and ) <br> JAN L. COLVIN, ) <br> ) <br> Defendants ) | Civil Action No.: 06-2047 |

### DEFENDANT, ROBERT C. COLVIN'S AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

Robert C. Colvin, after having been first duly sworn deposes and states as follows:

1. He is one of the defendants in the within action.

2. All of the loans referenced in the plaintiff's Complaint were closed and the funds were received by the defendants in the Denver, Colorado, metropolitan area, and not in the State of Illinois.

FURTHER THE AFFIANT SAITH NAUGHT.

_____
ROBERT C. COLVIN

STATE OF COLORADO)
                 ) ss.
COUNTY OF Arapahoe )

ROBERT C. COLVIN, acknowledged the foregoing Affidavit before me this day of ___9th___ day of May 2006.

Witness my hand and official seal.

_____
NOTARY PUBLIC